Vermont Superior Court
Filed 12/10/25
Windham Unit

VERMONT SUPERIOR COURT
Windham Unit
7 Court Street
Newfane VT 05345
802-365-7979
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-04161

| Cheryl Curtis, et al v. Michelle Saurer |
| --- |

## ENTRY REGARDING MOTION

Title:          Renewed Motion to Compel; Memorandum in Opposition to Plaintiffs' 3rd Motion to Compel (Motion: 8)
Filer:          James M. Rodgers & James A. Valente; Andrew C. Boxer
Filed Date:     November 21, 2025; December 08, 2025

Plaintiffs Cheryl Curtis and Irene White *yet again* seek an order from this court compelling discovery in this matter. The motion is DENIED.

1. The first motion

On September 18, 2025, Plaintiffs filed a motion to compel. The motion asserted that

> On July 9, 2025, Defendant partially responded to the outstanding discovery. This response was deficient under V.R.C.P. 33 because the answer was not executed under oath. Additionally, requested electronic communications were reproduced as a pdf summary without authentication. …
>
> Plaintiffs alerted Defendant to the deficiencies in two emails on July 23, 2025. …
>
> Defendant responded on July 30, 2025, declining to produce further material. …

Motion at ¶¶ 3-5. Plaintiffs referenced and filed various supporting documents including emails between counsel. The pertinent communications include the following requests and responses.

> [Y]ou objected to our 13th Request to Produce (which requested Facebook data for your client) as overbroad and irrelevant. We propose limiting this request to any messages or posts related to the collision which is the subject of this case, as well as any messages or posts which communicated with Ms. Quinn or any of the witnesses to the case.

Plaintiff's Exhibit # 1 (March 17, 2025, email from Attorney Valente to Attorney Boxer).

> [A]ttached are the requested FB messages.

Plaintiff's Exhibit # 3 (July 9, 2025, email from Attorney Boxer to Attorney Rodgers and others).

1

Two other questions:
> Were the messages you sent in native format? If not, how were they copied, and can we either inspect or obtain a copy of them in native format?
> Were there FB communications in the form of posts on each other's wall? If so, could you please produce them?

Plaintiff's Exhibit # 5 (July 23, 2025, email from Attorney Valente to Attorney Boxer).

> I thought we were all done with liability discovery[,] so I'm not inclined to chase down more material for you.

Plaintiff's Exhibit # 6 (July 30, 2025, email from Attorney Boxer to Attorney Valente).

On October 2, 2025, Defendant Michelle Saurer filed an opposition to Plaintiffs' motion. Defendant

> Object[ed] to Plaintiff's Motion to Compel because 1) Defendant's Responses are adequate and appropriate under VRCP 33 and 34, and 2) *Plaintiffs informal requests for additional information and documentation sought are not subject to Rules 33 and 34*, and therefore are not subject to Rule 37, and are regardless overbroad, burdensome and not proportional to the needs of the case.

Opposition at 2 (emphasis supplied). Defendant objected on other grounds as well.

On October 4, 2025, this court denied Defendants' motion because it "fail[ed] to comply with the clear dictates of V.R.C.P. 26(h)." October 6, 2025, Entry Regarding Motion at 1.

2. The second motion

On October 6, 2025, Plaintiffs filed a renewed motion to compel. The motion is substantively identical to the first motion. Plaintiffs filed the required Rule 26(h) certification containing the following averments

> There is one purported witness to the crash, Leah Quinn. During deposition on February 20, 2024, Ms. Quinn was asked about her relationship to Ms. Saurer. The deposition continued on February 27, 2024, and Ms. Quinn was asked about the nature of communications she and Ms. Saurer had regarding the accident. Ms. Quinn admitted in her sworn deposition that she and Ms. Saurer had some communication via Facebook regarding the accident, but could not recall the content or the date. At that time Ms. Quinn was asked to provide documentation of the conversation, and she agreed to do so.

> Plaintiffs' First Set of Interrogatories were filed and served on March 12, 2024. Defendant objected to the scope of question #87 in her responses submitted on May 29, 2024.

> Plaintiffs asked defendant to supplement her responses and *pursuant to Rule 34, Plaintiffs co-counsel requested in an email on March 17, 2025* asking for additional

2

disclosures pertaining to the conversations between Defendant and the witness Quinn.

Rule 26(h) affidavit at ¶¶ 4-6.

Defendant filed an opposition on October 16, 2025, raising the same objections he had previously made.

On October 29, 2025, the court again denied the motion to compel for noncompliance with Rule 26(h). This court noted that

> V.R.C.P. 26(h) requires that any
>
>> memoranda with respect to any discovery motion shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed.
>
>> *Id.* (emphasis supplied). No such "verbatim listing" is included in Plaintiffs' motion. *Hayek Medical Devices (North America), Ltd v. State*, 2025 WL 1632076, at *1 (Vt. Super. Ct., Wash. Civ. Div. May 09, 2025) (Tomasi, Super. J.) ("The State provides no such clear list, what deficiency the State perceives in production to date, and what the State thinks the Court should do about it.").

October 29, 2025, Entry Regarding Motion at 1. Regarding the motion to compel, this court noted that

> Put simply, Plaintiffs' motion to compel does not comply with the rule. Instead, Plaintiffs have submitted in support of the motion a pleading captioned "Plaintiffs' Verbatim Listing Of Outstanding Discovery." A cursory review of the pending pleadings belies the caption of this document. Plaintiffs' arguments allege[] defects in Defendant's response to Interrogatory #87 and Request to Produce #13. Plaintiffs provide certain information regarding Interrogatory #87. The Interrogatory references an earlier Interrogatory that is neither quoted nor provided to the court. Additionally, there is no adequate reference to Request to Produce # 13 in Plaintiffs' filing.
>
> Vermont's Rules of Civil Procedure strongly encourage the parties to litigation to resolve discovery disputes before seeking relief from the court. Where court relief is sought the rules require the moving party to plead the issue in a way to squarely and simply present the matter to the court. Plaintiffs have not done so and have not properly pled the matter to seek court relief.

*Id.* at 1-2.

3. The present – third – motion

On November 21, 2205, Plaintiffs filed the instant motion "renew[ing] their Motion to Compel production of original Facebook messages …." Motion at 1. Plaintiffs asserted that

> Defendant's case will rely in substantial part on testimony from Leah Quinn, who will claim that she observed both parties' vehicles prior to and during the collision. Defendant and Ms. Quinn have repeatedly asserted that they barely knew each other and that Ms. Quinn's statements to Defendant's insurance carrier, the police, and at deposition were in her capacity as a good Samaritan. However, during discovery, Defendant produced 11 pages of Facebook messages between her and Ms. Quinn from 2019 to 2024 showing (among other things) that Defendant and Ms. Quinn intentionally downplayed their lengthy, close relationship to make Mrs. Quinn appear to be neutral. This is very relevant to Defendant and Ms. Quinn's credibility.
>
> Although the purported compilation of Facebook messages that Defendant produced includes descriptions of what she and Ms. Quinn saw on the day of the collision, it may be the tip of the iceberg. Instead of allowing inspection of or producing the messages to Plaintiffs in their native form, Defendant produced only a word-processed document she typed herself.
>
> Such a document does not allow Plaintiffs to establish that the Facebook messages are accurate or complete. In addition to being a prerequisite to establishing admissibility, obtaining complete copies of the messages in their original form is important because Defendant and Ms. Quinn have already misrepresented the nature of their relationship.
>
> Accordingly, Defendant should be compelled to produce them.

*Id.* at 1-2. Plaintiffs identified the discovery sought as

> All Facebook messages, wall posts, or other social media communications between Defendant and Leah Quinn, produced or made available for inspection in their native format.

And asserted that the reasons this discovery should be allowed

> So that Plaintiffs can confirm Defendant has produced a complete compilation of all the Facebook messages between herself and Ms. Quinn, and so that Plaintiffs can confirm the messages are authentic and offer them if necessary.

*Id.* at 2. Plaintiffs summarize the discovery process related to the disputed issue noting:

> Plaintiffs also propounded a request to produce a digital copy of Defendant's Facebook account, including her Facebook messages. … Defendant objected as overbroad, not relevant, and not proportional, and did not produce any Facebook messages. …
>
> Plaintiffs requested production of written statements by witnesses with knowledge about the collision. … In response, Defendant produced a "Witness Statement" that

4

Ms. Quinn drafted weeks after the incident. However, Defendant did not produce the since-revealed Facebook messages (which contained statements authored by Ms. Quinn on the day the collision occurred, describing what she saw).

On March 17, 2025, while preparing for a deposition, counsel for Plaintiffs noticed that Defendant and Ms. Quinn were friends on Facebook. Accordingly, they notified counsel for Defendant that it appeared Defendant had not fully responded to the above-identified discovery requests. In addition, Plaintiffs narrowed and specified their request: for production of Facebook "messages or posts related to the collision which is the subject of this case, as well as any messages or posts which communicated with Ms. Quinn…."

On July 9, 2025, Defendant produced the word-processed document purporting to contain her Facebook messages with Ms. Quinn. The document contains messages evidencing a close relationship between the two women (with dozens of rainbow heart, "kissy face," and similarly affectionate emojis), and included conversations about how to obfuscate their relationship to make Ms. Quinn appear to be a neutral witness.

*Id* at 2-3. Absent from this summary is any indication that Plaintiffs made a *formal or informal* request for the exact discovery they now seek.

Plaintiffs address their purported need for disclosure of discovery in "native format" noting, particularly, the need to authenticate the previously disclosed .pdf files of Facebook Messenger communications. Plaintiffs then argued that "the messages between Defendant and Ms. Quinn can be easily produced in their native format by a layperson" identifying possible method of downloading Facebook Messenger data in JSON format. Plaintiffs provided no such information regarding "wall posts" or other "social media communications" that they seek to compel.

Plaintiffs' motion does not address Defendant's argument – raised in response to both prior motions – that the informal discovery processes used in this matter are not enforceable through V.R.C.P. 37.

Defendant filed a memorandum in opposition on December 8, 2025. Defendant noted that

perhaps, that there is no verbatim listing of discovery requests to which this 3rd Motion applies is that there *were no such discovery requests*. Plaintiff never served Defendant any discovery request subject to Rules 26, 33 or 34 for "All Facebook messages, wall posts, or other social media communications between Defendant and Leah Quinn, produced or made available for inspection in their native format." Plaintiffs appear to concede as much, attempting to spin their dispute as one that "does not lend itself to the type of list envisioned by the Rule."

Opposition at 2.

4. Plaintiffs' informal discovery requests are not enforceable through V.R.C.P. 37

As a federal court has stated, and equally applicable to the Vermont Superior Courts,

> The Federal Rules of Civil Procedure are designed to enable a relatively small judiciary to deal in an orderly way with a virtually limitless number of disputes. Even when parties sedulously *comply* with the rules of procedure, courts must struggle to keep abreast of their ever-growing dockets. By pioneering their own ad hoc procedure, parties do themselves and the courts a disservice. It is far easier and quicker to make a formal document request pursuant to Rule 34 than it is to construct and articulate an argument why an *informal* letter should be *treated* as a Rule 34 request so as to enable it to be *enforced* under Rule 37. When parties fashion their own procedure, they remove their cases from the litigative stream and, when a dispute later arises, almost invariably consume more than their fair share of judicial time.

*Schwartz v. Mktg. Pub. Co.*, 153 F.R.D. 16, 21 (D. Conn. 1994) (emphasis in original). "[T]he entire enforcement mechanism of Rule 37 contemplates the parties having formally resorted to the underlying discovery rule … rather than a casual, informal request contained in a letter." *Id.*, 153 at 21 n. 12. See also *Travelers Indem. Co. of Connecticut v. Hudson Excess Ins. Co.*, 2025 WL 3215376, at *4 (S.D.N.Y. Nov. 18, 2025) ("Relief under Rule 37 is not available to parties that fail to utilize the discovery devices provided in the Federal Rules of Civil Procedure"); *Schneider on behalf of A.T. v. City of Buffalo*, 2021 WL 5042502, at *4 (W.D.N.Y. Oct. 29, 2021) (citing *Schwartz* and nothing that "[w]here documents are not requested pursuant to this mechanism, but in a 'highly informal, extra-procedural manner' such as a letter, the party evading the formality of a document demand may not rely upon Rule 37 of the Federal Rules of Civil Procedure to obtain compliance"); *Fleisher v. 1990 53' Viking Sport Fishing Vessel named F-TROOP, USCG No. 1077134*, 2011 WL 13154043, at *5 (S.D. Fla. Nov. 30, 2011) ("Based on the language of Rule 34 and for the reasons articulated in these authorities, this Court concludes that, as a general rule, parties must make formal inspection requests under Rule 34 before they can move to compel inspections under Rule 37"); *Alberts v. Wheeling Jesuit Univ.*, 2011 WL 13195969, at *2 (N.D.W. Va. Jan. 21, 2011) ("A court cannot grant a motion to compel unless a previous formal discovery request preceded the motion to compel"). This court's prior orders should certainly have placed the parties on notice that the court expects stringent compliance with discovery rules before seeking relief from the court.

The motion to compel makes a *specific* demand for a broad range of records.[1] As noted above, and emphasized by Defendant, there is *no* formal discovery request or demand for these materials that has been made by Plaintiffs. Indeed, as the record makes clear, Plaintiffs' informal discovery requests related Defendant's communications with Ms. Quinn have been and remains a moving target. The motion to compel is denied because there is no formal discovery request to compel a response to or compliance with.

---

[1] The court does not reach the issue of the scope of the request or whether it is proportionate. The court notes that "relevance alone does not translate into automatic discoverability …. An assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing *Goldman v. As You Like It Silver Shop, Inc.*, 2019 WL 718739, at *2 (E.D. La. 2019); *Bradley v. Cty. of San Joaquin*, 2018 WL 4502481, at *3 (E.D. Cal. 2018)). Thus, "the discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Motorola Sols., Inc.*, 365 F. Supp. 3d at 925. "Courts and commentators have recognized that privacy interests can be a consideration in evaluating proportionality…." *Henson v. Turn, Inc.*, 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018).

Additionally, Plaintiffs' arguments regarding Rule 26(h) are unavailing. The rule is clear, and the obligations are clear. See October 29, 2025, Entry Regarding Motion. Plaintiffs must submit "a specific verbatim listing of each of the items of discovery sought." Verbatim means "in the exact words."[2] Plaintiffs have not done so. The motion is, therefore, also denied for noncompliance with V.R.C.P. 26(h).

5. Order

The motion is DENIED.

Electronically signed: 12/10/2025 11:37:37 AM pursuant to V.R.E.F. 9(d)

_____

John R. Treadwell
Superior Court Judge

---

[2] https://www.merriam-webster.com/dictionary/verbatim